# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWINA A. JOHNSON<br>*Plaintiff* | : CIVIL ACTION<br>:<br>: NO. 13-5106 |
| v. | : |
| TESLA MOTORS, INC. and<br>NICHOLAS J. TERRACCIANO<br>*Defendants* | :<br>:<br>: |

NITZA I. QUIÑONES ALEJANDRO, J.                                          October 30, 2013

## MEMORANDUM OPINION

Before this Court is Edwina A. Johnson's (Plaintiff) contested motion to remand [ECF 6] filed pursuant to 28 U.S.C. § 1447(c), which asserts that the Notice of Removal [ECF 1] was filed untimely. For the reasons set forth, this Court agrees, and grants the motion to remand this matter to the Philadelphia Court of Common Pleas.

## BACKGROUND

This personal injury action arises from a motor vehicle accident that occurred on March 26, 2012, when Plaintiff, a New Jersey resident, was traveling northbound on the New Jersey Turnpike, and was rear-ended by a vehicle operated by Nicholas J. Terracciano (Defendant Terracciano), a Pennsylvania[1] resident, while within the course and scope of his employment with Tesla Motors, Inc. (Defendant Tesla), a Delaware corporation with a registered address in Pennsylvania (collectively, Defendants).

On April 18, 2013, Plaintiff filed a complaint in the Philadelphia Court of Common Pleas [ECF 1] against Defendants alleging that their negligence caused her serious personal injuries.

---

[1] In the complaint, Plaintiff alleged that Defendant Terracciano was a New Jersey resident. In the answer to the complaint, Defendant Terracciano states that he is a Pennsylvania resident.

The complaint was served on Defendant Terracciano on April 24, 2013, and on Defendant Tesla on April 25, 2013. The complaint did not seek a specific amount of damages but averred a claim for punitive damages and that the amount in controversy was "greater than $50,000.00."

On June 14, 2013, Plaintiff's counsel sent an email to defense counsel informing him that on February 28, 2013, Plaintiff had undergone surgery to repair a torn shoulder and bicep injury sustained in the accident, and that her permanent pain and physical limitations were not yet known for purposes of a demand for damages. Attached to the email were photos of the accident scene showing Defendant Tesla's vehicle wedged underneath Plaintiff's vehicle.

On August 2, 2013, Plaintiff served Defendants with a copy of the case management conference memorandum which included a settlement demand of $500,000.[2] On August 30, 2013, approximately 126 days after the service of the complaint, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a) in this court. On September 19, 2013, Plaintiff filed a *motion to remand* on the basis of a defect in the removal procedure, citing lack of timeliness. On October 1, 2013, Defendants filed a response [ECF 7] in opposition to the motion to remand.

**DISCUSSION**

The removal of cases from state to federal court is governed by 28 U.S.C. § 1441, *et seq*. These provisions provide that any civil action brought in state court may be removed to the federal district court in the district where the action is pending, if the district court would have had original jurisdiction. *See also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removing party bears the burden of showing that the case is properly before the federal court at all stages of the litigation. *Id.*, at 396. The policy of strictly construing 28 U.S.C. § 1441 against removal has been "rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586 (1938).

---

[2] *See* Case Management Conference Memorandum [ECF 1 at 292].

In order to remove a lawsuit filed in a state court to a federal district court, a defendant must file a notice of removal within 30 days of the date a plaintiff serves the defendant with a copy of the original pleading or complaint. 28 U.S.C. § 1446(b); *Delalla v. Hanover Ins.*, 660 F.3d 180, 182 (3d Cir. 2011) (quotations omitted). Where it is not apparent from the face of the initial pleading that a case is removable, however, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). It is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the 30-day period for removal. Rather, the 30-day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum. *Judge v. Philadelphia Premium Outlets*, 2010 WL 2376122, *2 (E.D. Pa. Jun. 8, 2010) (citing *Sims v. PerkinElmer Instruments, LLC*, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005) (internal citation omitted)).

Section 1446(b) does not define the term, "other paper." The statute is clear, however, that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. *Erekson v. Ashford Philadelphia Annex, LLC*, 2013 U.S. Dist. LEXIS 57745, *6 (E.D. Pa. Apr. 23, 2013) (citing *Broderick v. Dallasandro*, 859 F.Supp. 176, 178 (E.D. Pa. 1994)). Although notice must be in writing, the statute does not require "service" of that notice in any formal, legal sense. *Broderick, supra*. Answers to interrogatories in discovery proceedings, statements in deposition testimony, post-complaint demand letters, and attorney correspondence may all meet the statutory requirement for "other paper." *Broderick*, 859 F.Supp. 178-79.

Once an action is removed to federal court, a plaintiff may challenge removal by moving to remand the case to state court. *Judge*, 2010 WL 2376122 at *2 (citing *Cook v. Soft Sheen Carson, Inc.*, 2008 WL 4606305 at *1 (D.N.J. Oct. 15, 2008)). A remand to the state court is appropriate when the district court lacks subject matter jurisdiction or for a defect in the removal process. *Id.* (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)). A motion to remand based on any defect in the removal procedure, however, must be submitted within 30 days after the filing of the notice of removal under § 1446(a). 28 U.S.C. § 1447(c); *see also, N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc.*, 2005 WL 1279091 at *5 (E.D. Pa. May 25, 2005). It is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand. *Boyer v. Snap-On Tools*, 913 F.2d 108, 111 (3d Cir. 1990); *Judge*, 2010 WL 2376122 at *2 (citations omitted).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a); *see Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 138 (3d Cir. 2001); *Erekson*, 2013 U.S. Dist. LEXIS 57745 at *5. In this matter, there is no question that diversity among the parties exists or that the amount in controversy exceeds $75,000. The issue is: when did Defendants know or should have known that the amount in controversy exceeded $75,000.?

In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court. *Frederico*, 507 F.3d at 197 (citing *Samuel-Bassett*, 357 F.3d at 398). In the complaint, Plaintiff averred, in part, the following:

> "... [R]ight shoulder, labral tear, AC joint arthrosis, shoulder impingement, biceps tear, rotator cuff tear, surgical repair, neck, lower back, left knee and head

> ... internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known. Plaintiff ... sustained an aggravation and/or exacerbation of injuries both known and unknown. She has in the past and will in the future undergo severe pain and is unable to attend to her usual duties and occupation, all to her great financial detriment and loss." Accordingly, Plaintiff demands judgment "in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, *punitive damages* and all other relief allowed by law."

Compl. ¶ 18; *ad damnum* clause (emphasis added).

Plaintiff argues that Defendants should have reasonably and intelligently concluded from a fair reading of the complaint, considering the extent of Plaintiff's injuries, the allegations of gross and reckless negligence, the claim for punitive damages, together with the June 14, 2013, correspondence from counsel advising of Plaintiff's surgery, that the damage amount would, in all likelihood, exceed the $75,000 federal jurisdictional requirement. Defendants contend they could not and that the "limited information and typical boilerplate language" of the complaint made it difficult for them to determine that the amount of damages exceeded $75,000. Defendants further contend that it was not until August 2, 2013, when they were served with Plaintiff's case management conference memorandum that they realized Plaintiff's specific demand was for $500,000. Defendants posit that this memorandum constituted the "other paper" from which they could reasonably and intelligently conclude that this matter was removable. *See Erekson*, 2013 U.S. Dist. LEXIS 57745 at *8 (holding that plaintiff's case management conference memorandum meets the statutory requirements for formal written notice); *see also Judge*, 2010 WL 2376122 at *6 (memorandum clearly falls within the broad definition and "embracive scope" of "other paper" for purposes of the second paragraph of 28 U.S.C. § 1446(b)). On August 30, 2013, within 30 days of receipt of the case management conference memorandum, Defendants filed their notice of removal.

5

Defendants further rely on *Bishop v. Sam's East, Inc.*, 2009 WL 1795316 (E.D. Pa. Jun. 23, 2009), *Inaganti v. Columbia Props. Harrisburg LLC*, 2010 WL 2136597 (E.D. Pa. May 25, 2010), and *Brown v. Modell's PA II, Inc.*, 2008 WL 2600253 (E.D. Pa. Jul. 1, 2008) in support of their argument that they could not have known from the original pleadings "with the requisite degree of certainty" that the amount in controversy exceeded the federal jurisdictional threshold. These cases involved complaints containing general boilerplate allegations of injuries, claims of damages in excess of $50,000, and motions to remand on the basis of untimely notices of removal. There, the courts determined that on the face of the complaints and without "other paper", such as requests for admissions, case management conference memoranda, or reply to new matter, the defendants had insufficient notice that the amount in controversy exceeded $75,000. It was not until the defendants received the "other paper" that they were able to ascertain to a legal certainty the amount in controversy, thus triggering the 30-day deadline in which to file notices of removal. Accordingly, the courts therein decided that the notices of removal were timely and denied the motions to remand.

Defendants' reliance on *Bishop*, *Inaganti*, and *Brown* is misplaced. Those matters did not involve a claim for punitive damages and are, therefore, distinguishable. In Plaintiff's complaint, Plaintiff pleads a claim for punitive damages based on the allegations that Defendants acted "recklessly and outrageously and in reckless indifference to the rights of Plaintiff". This demand for punitive damages must be considered when calculating the amount in controversy. *See Frederico*, 507 F.3d at 198-99 (citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2008). Specifically, when actual compensatory and punitive damages claims are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied, unless the former are "'patently frivolous and without foundation.'"

*Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Bell v. Preferred Life Assur. Soc'y,* 320 U.S. 238, 240, 64 S.Ct. 5, 6 (1943) (citations omitted); *Gray v. Occidental Life Ins. Co.,* 387 F.2d 935, 936 (3d Cir. 1968)). Punitive damage claims are *per se* "'patently frivolous and without foundation'" if they are unavailable as a matter of state substantive law. *See In re Corestates Trust Fee Litig.,* 39 F.3d 61, 64 (3d Cir. 1994); *Packard v. Provident Nat. Bank,* 994 F.2d 1039, 1046 (3d Cir. 1993). This is not the case here since Pennsylvania law permits the recovery of punitive damages for "torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured." *Golden ex rel. Golden,* 382 F.3d at 356 (citing *Thompson v. Swank,* 176 A. 211 (Pa. 1934); *see also SHV Coal, Inc. v. Continental Grain Co.,* 587 A.2d 702, 704 (Pa. 1991)).

If appropriately pled, a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum. *Golden ex rel. Golden,* 382 F.3d at 355. Under section 908(2) of the Restatement (Second) of Torts, adopted by the Pennsylvania Supreme Court, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to others." Restatement (Second) Torts § 908(2) (1979); *see also Feld v. Merriam,* 485 A.2d 742, 747-48 (Pa. 1984). Comment b of that section provides "[r]eckless indifference to the rights of others and conscious action in deliberate disregard of them ... may provide the necessary state of mind to justify punitive damages." Restatement (Second) Torts § 908 cmt. b; *see also SHV Coal Inc.,* 587 A.2d at 704-05; *Martin v. Johns-Manville Corp.,* 494 A.2d 1088, 1096-98 (Pa. 1985), *overruled on other grounds by Kirkbride v. Lisbon Contractors, Inc.,* 555 A.2d 800, 801 (Pa. 1989).

Defendants argue, however, that the allegations of punitive damages in the complaint are irrelevant and maliciously pled as there is no evidence that any conduct by Defendants warrants the award of punitive damages. Defendants refute Plaintiff's allegations that prior to the accident, Defendant Terracciano was traveling at twice the speed of other motorists and was weaving in and out of traffic. Defendants further argues that the claims are meritless since Defendant Terracciano was not issued any traffic citations nor does the New Jersey State Police Report indicate that Defendant Terracciano was driving in a reckless manner. *See* Defendants' response, Exhibit "B" [ECF 7, at 7, 23]. While this Court understands Defendants' contentions, the determination of whether punitive damages are warranted is for the trier of facts to determine after considering the totality of the evidence, including the picture of the vehicles at the accident. Accepting as true all of the facts alleged, this Court finds that the claim for punitive damages is not frivolous.

When examining all of Plaintiff's claims and injuries alleged, and transforming these into monetary amounts, Plaintiff's initial demand in the complaint filed on April 18, 2013, was for judgment in excess of $50,000. By email issued on June 14, 2013, Defendants were made aware that Plaintiff underwent repair surgery on her shoulder and bicep on February 28, 2013. Aggregating the expense of the surgery, the pain and suffering related to the surgery and to the initial accident, the loss of income, medical treatment for other injuries sustained, and the viable claim for punitive damages permitted by Pennsylvania law, this Court is convinced that the total value amount of her damages reasonably surpasses the $75,000 federal jurisdictional threshold. Based upon this objective, independent, and realistic appraisal of Plaintiff's claimed damages, this Court further finds that Defendants, as of at least June 14, 2013, when Defendants received an email advising of Plaintiff's surgery, should have been able to reasonably and intelligently

determine that her damages would exceed $75,000. The written notice that Plaintiff underwent surgery, coupled with the injuries claimed and the request for punitive damages, constitutes sufficient facts which make the case removable. *See Golden ex rel. Golden*, 382 F.3d at 356. Under the circumstances, Defendants' Notice of Removal was untimely.

**CONCLUSION**

For the reasons stated, this Court concludes that Defendants' *Notice of Removal* was untimely. Therefore, Plaintiff's motion to remand this action to the Court of Common Pleas of Philadelphia is granted. An appropriate Order follows.

Nitza I. Quiñones Alejandro, J.